**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CALENTURE, LLC, <br> and MARK RUBENSTEIN, <br><br>                  Plaintiffs, <br><br>         v. <br><br> CRISP MOMENTUM INC., <br> *f/k/a*: Open Locker Holdings, Inc., <br><br>                  Defendant. | Case No. ___26-cv-2981_____ <br><br><br> **COMPLAINT** <br><br> **For Attorneys' Fees Owed Under §16(b)** <br> **of the Securities Exchange Act, 15 U.S.C. §78p(b).** |

Plaintiffs Calenture, LLC and Mark Rubenstein ("Plaintiffs"), represented by undersigned counsel, respectfully alleges as follows, with knowledge as to information about the Plaintiffs and on information and belief as to all other matters:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. §78p(b), and other relevant sections.

2. Venue is proper in this Court pursuant to §27 of the Act, 15 U.S.C. §78aa. located within this District. Services giving rise to the recovery recited herein at the Claim for Relief were rendered in substantial part in this District, where one of Plaintiff's counsel lives and works.

**THE PARTIES**

3. At all relevant times, Defendant Crisp Momentum Inc., *f/k/a* Open Locker Holdings, Inc. ("Crisp Momentum," or the "Company") was and is a Delaware entity, with corporate headquarters at 250 Park Avenue, 7th Floor, New York, New York, 10017. Crisp Momentum is a media company specializing in short form scripted video content. The common stock of Defendant

Crisp Momentum Inc. trades on "over the counter" exchanges and through market makers under stock symbol: "CRSF."

4. At all relevant times, the issued and outstanding shares of common stock of Crisp Momentum Inc. were registered pursuant to §12(b) of the Act, 15 U.S.C. §78*l*; and directors, officers and >10% shareholders of Crisp Momentum were subject to reporting and compliance under §16(a) of the Act, 15 U.S.C. §78p.

5. At all relevant times, Jakota Capital AG ("Jakota") was a >10% shareholder and a statutory "insider" of Crisp Momentum subject to §16(a) reporting requirements and §16(b) short swing trading restrictions.

6. Plaintiffs are shareholders of Crisp Momentum. Plaintiff Calenture, LLC is a New York limited liability company. Plaintiff Mark Rubenstein is a natural person.

**<u>CLAIM FOR RELIEF</u>**

7. On June 5, 2025, Jakota filed a Form 4 with the SEC reporting the following purchases of the Company's common stock on June 3, 2025:

   a. 40,188,456 shares purchased from Her Clique Inc., for a total purchase price of $41,460.34 (equivalent to $0.001 per share).

   b. 60,282,684 shares purchased from IndexAtlas AG, for a total purchase price of $62,190.51 (equivalent to $0.001 per share).

8. On October 3, 2025, Jakota filed a Form 4 with the SEC reporting the following sales of the Company's common stock on October 1, 2025, in "privately negotiated transactions:"

   a. 500,000,000 shares, at a price of $0.0055 per share.

   b. 500,000,000 shares, at a price of $0.006 per share.

9. On or about October 5, 2025, Plaintiffs' counsel each sent demand letters to Crisp Momentum, calculating Jakota's §16(b) liability from the reported purchases and sales at

approximately $502,355, and demanding that the Company recover the short swing profits from Jakota as required by the strict liability statute.

10.    On or about November 25, 2025, counsel for Crisp Momentum informed both of Plaintiffs' counsel that Jakota disgorged a total of $498,984 in short swing profits to the Company on November 21, 2025.

11.    The Plaintiffs demand payment of their attorney's fees under §16(b) for work that performed, on a contingency basis for the benefit of Crisp Momentum and all Crisp Momentum shareholders (including the Plaintiffs), in: (i) investigating the transactions effected in Crisp Momentum securities by statutory insiders of the Company to determine whether any such transactions came within the purview of §16(b); (ii) determining the profits, if any, realized by such officers, directors, or 10% shareholders, and the nature and extent of their statutory liability; (iii) making a proper statutory demand on Crisp Momentum requesting the recovery of such statutory profits, including by initiating a lawsuit to compel the recovery, if necessary; (iv) furnishing Crisp Momentum with information as might be necessary or proper for the commencement and prosecution of such action; and (v) preparing all necessary pleadings, proofs, and papers necessary or proper for the commencement of such suit in the event that Crisp Momentum failed or refused to institute such action or failed diligently to prosecute the same.

12.    Plaintiffs agreed to pay a fair and reasonable attorneys' fee to the counsel they retained in this action for legal services rendered for the benefit of Crisp Momentum and Crisp Momentum shareholders (including the Plaintiffs), contingent upon the Company's reimbursing Plaintiffs in the amount of such legal fees so incurred.

13.    Plaintiffs' counsel investigated the applicable law, ascertained that insider transactions in Crisp Momentum securities were in violation of §16(b); determined that proceeds

received by Jakota constituted short swing profits recoverable by Crisp Momentum under §16(b) and computed the total amount of Jakota's §16(b) liability to the Company; and sent demand letters to Crisp Momentum demanding that the Company act to recover the additional short swing trading profits realized by Jakota as a director of the Company and as required by §16(b).

14.    As a result of the demand letters sent by Plaintiffs' counsel, Jakota disgorged short swing profits amounting to approximately $500,000 to the Company, as confirmed to Plaintiffs' counsel.

15.    Plaintiffs' counsel, without prejudice to further fees to be earned hereby, has requested from Crisp Momentum a legal fee of $125,000, or approximately 25% of the total benefit received by Crisp Momentum from Plaintiffs' counsel efforts undertaken on the Company's behalf.

16.    Upon information and belief, by reason of its receipt and acceptance of the legal services rendered and communicated to Crisp Momentum by shareholder counsel, and the Company's subsequent actions in collecting the additional disgorgement amount calculated by Plaintiffs' counsel from Jakota, Crisp Momentum ratified and confirmed the right and authority granted by §16(b) to shareholder counsel to render the legal services they provided for and on behalf of Crisp Momentum.

17.    Upon information and belief, Crisp Momentum knowingly received, accepted and retained the benefits of the services rendered by shareholder counsel, and has recovered approximately $500,000 from Jakota because of the services of Plaintiffs' counsel.

18.    Plaintiffs are entitled to recover from Crisp Momentum a fair and reasonable fee for services contingently undertaken and incurred by shareholder counsel in performing those services and in taking the steps which resulted in the Company's recovery of short swing profits from Jakota in the amount of $500,000.

19.    Plaintiffs seek no personal benefit but brings this action to recover the expenses contingently incurred in an amount of the reasonable value of the legal services rendered by their counsel and solely for the purpose of paying for those services.

20.    Upon information and belief, and in view of the amount of benefit conferred upon Crisp Momentum, the total fair and reasonable value of the legal services rendered to date, and not in prejudice of further fees to be earned hereby, by Plaintiffs' counsel in this matter is $125,000, representing a total of 25% of the cash disgorgement of approximately $500,000, which Crisp Momentum procured from Jakota as a result of the efforts of Plaintiffs' counsel.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment:

(a)    Against Crisp Momentum to the benefit of Plaintiffs' counsel for past services and benefits as described in the Claim for Relief in the amount of $125,000, inclusive of out-of-pocket costs and disbursements, together with the costs of this action.

(b)    For such other, further, and/or different relief as the Court may deem just and proper.

Dated:  New York, New York
May __19__ , 2026

_/s/ Miriam Tauber_
_____
Miriam Tauber
MIRIAM TAUBER LAW PLLC
885 Park Ave. #2A
New York, NY 10029
(323) 790-4881 | Miriam Tauber Law@gmail.com

_/s/ James A. Hunter_
_____
James A. Hunter
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Rd. Suite #650
Radnor, PA 19087
(484) 275-2162 | Hunter@HunterKmiec.com

*Attorneys for Plaintiffs*